OPINION OF THE COURT — m?
chief justice TURNER.
This is an action of detinue for slaves. The defendant pleaded the general issue, and the cause was tried before the jury. After the plaintiff had closed his evidence, the defendant offered in evidence to rebut the title of the plaintiff to the slaves in question, and to show title in himself, an instrument of writing under seal purporting to have been executed by the *521 testatrix of the plaintiff below, to the defendant and others, for the slaves in question, and other things therein mentioned, which instrument was proved and recorded; all which is fully set forth in the bill of exceptions. On the plaintiff objecting to the said paper going in evidence to the jury, the court determined that the objection should be sustained, and decided that the instrument, from its contents, and on its face was evidently and clearly a will, or testamentary instrument, áud not a deed, and therefore that no evidenoe could be admitted to prove that the said testatrix, S. B. Bradford, executed and delivered said instrument to the defendant as a deed, and excluded from the jury said instrument, and all proof offered of the acts, intentions and declarations of the saidS. B. Bradford, as to the character ■of the said instrument; to which opinion the defendant excepted, and on a verdict and judgment being renderered for the plaintiff below, the defendant appealed to this court.
The errors assigned are, in substance, as follows, to wit: that the court erred in excluding from the jury the said instrument; in construing the same to be a will, and not a deed; in excluding from the jury the evidence offered by the defendant below, to prove that S. B. Bradford executed and delivered the instrument aforesaid, and the evidence of the acts, intentions and declarations of the said S. B. B. as to the character of the instrument aforesaid.
There is another error assigned on an amended record, which has been sent up since the first transcript was filed on this appeal, viz. that there is no judgment of the court below, amending the judgment as at first' rendered.
I am of opinion that the character of the instrument in question is not clearly that of a will: it has many of the characteristics of a deed of gift,, not only in its commnecement and its conclusion, but in the body. But it has likewise some expressions characteristic of a testamentary instrument; such as “all the lands I now possess, or may possess at my decease, with all the household goods and chattels in my dwelling house.” Again: “The above named property at my decease, and not before.”
From the peculiarity and uncertain character of said instrument, I suffered it to go to the jury, on a former trial of the cause, together with ex-Srinsic evidence, offered on both sides; and, from the authorities, I am sat *522 isfied thatthe court should have permitted the defendant to have adduced such evidence to the jury, on the Iasttrial. When the character of instruments like this is in issue, it is important to have proof of the execution of the instrument — whether it was delivered; what state of mind the party was in; what declarations were made at the time of deli ery,&c., &c.
There is a distinction between the intent with which a paper of tin's kind is made, and the construction to be put on particular clauses therein. The first is to be decided by a jury, and the latter by the court. There are many adjudged cases on this subject, both at law and in equity; many have been referred to on the arguments of the learned counsel before this court; see the briefs of counsel on file.
Inclined as this court should ever be, not to deprive parties of the' trial by jury, where facts are disputed, we are strengthened in our inclination by adjudged cases, which we consider in point; such as 2d Nott &. McIIord 531, and the authorities there cited.
Believing, as I do, thatthe court below erred in ruling out the evidence offered by the defendant, in support of his title to the slaves in question, and that the judgment must be reversed, it becomes unnecssary to notice the last error assigned.
Our statute has authorized the judge who presides at the trial of a cause, to amend judgments where there is any thing in the record and proceedings to amend by, on notice given &c. I consider that the judge should make the amendment, and not merely permit it to be done, and that it should so appear.
Judgment reversed and cause remanded for new trial.
Judges Nicholson and Montgomery concur.